# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 181

In the Interest of M.P., Jr., a Child

| | |
|---|---|
| Grand Forks County Human Service Zone, | Petitioner and Appellee |
| v. | |
| M.P., Jr., a child, | Respondent |
| and | |
| M.P., father; and A.O., mother, | Respondents and Appellants |

### No. 20250320

In the Interest of A.P., a Child

| | |
|---|---|
| Grand Forks County Human Service Zone, | Petitioner and Appellee |
| v. | |
| A.P., a child, | Respondent |
| and | |
| M.P., father; and A.O., mother, | Respondents and Appellants |

### No. 20250321

In the Interest of C.P., a Child

Grand Forks County Human Service Zone,             Petitioner and Appellee
  v.
C.P., a child,                                                              Respondent
  and
M.P., father; and A.O., mother,             Respondents and Appellants

_____

No. 20250322

_____

Appeals from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

AFFIRMED.

Per Curiam.

Madison E. Gruber, Assistant State's Attorney, Grand Forks, ND, for petitioner and appellee; submitted on brief.

Jamie L. Schaible, Fargo, ND, for respondent and appellant M.P.; submitted on brief.

Ward K. Johnson III, Grand Forks, ND, for respondent and appellant A.O.; submitted on brief.

**Interest of M.P., A.P., & C.P.**
**Nos. 20250320 – 20250322**

**Per Curiam.**

[¶1]   M.P., the father, and A.O., the mother, appeal from orders terminating their parental rights. After a detailed colloquy to ensure M.P. and A.O. understood the effect of termination of their parental rights and that their consent was voluntary, both M.P. and A.O. signed written consents to termination of their parental rights in the presence of the juvenile court while represented by counsel.

[¶2]   On appeal, M.P. and A.O. argue the juvenile court erred in terminating their parental rights because they did not voluntarily and knowingly consent to the termination. "The court by order may terminate the parental rights of a parent with respect to the parent's child if . . . the written consent of the parent acknowledged before the court has been given." N.D.C.C. § 27-20.3-20(1)(d). "Whether there was written consent is a finding of fact." *In re C.D.G.E.*, 2017 ND 13, ¶ 6, 889 N.W.2d 863. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if we are left with a definite and firm conviction a mistake has been made." *Id.* (quoting *In re G.R.*, 2014 ND 32, ¶ 6, 842 N.W.2d 882).

[¶3]   The juvenile court's findings M.P. and A.O. knowingly and voluntarily provided written consents to termination of their parental rights under N.D.C.C. § 27-20.3-20(1)(d) were not clearly erroneous. We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶4]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

1